# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avinamar Morales Jeronimo, | No. CV-26-02145-PHX-RM (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), challenging his immigration detention. Petitioner alleged he entered the United States without inspection in June 2011. (*Id.* ¶ 39.) He further alleged he was taken into immigration custody following a traffic stop on February 4, 2026, and is being held under mandatory detention. (*Id.* ¶ 41.) The Court ordered Respondents to show cause why the Petition should not be granted on the basis that Petitioner is not subject to mandatory detention and that Petitioner may only be lawfully detained under § 1226(a), and "because there is no warrant as would be required for § 1226(a) detention, immediate release is the only appropriate remedy." (*Id.* ¶¶ 42, 72.) The Court cited recent cases determining that individuals in Petitioner's circumstances can only be detained pursuant to an administrative warrant.

Respondents responded to the Order to Show Cause but did not respond to Petitioner's argument that he was arrested without a warrant in violation of § 1226(a). (Doc. 9.) Rather, Respondents submitted their standard argument regarding applicants for

admission being subject to mandatory detention no matter how long they have lived in the United States. (*Id.*)

In submitting their response, Respondents failed to explain any basis for Petitioner's detention without a warrant. In so doing, Respondents have waived any challenge to Petitioner's due process claim that his arrest under those circumstances was unlawful. *See United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned."). Moreover, it is the independent view of the Court that § 1226(a) requires an administrative warrant to be obtained before a non-citizen may be detained pursuant to that provision.

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **two (2) business days** of Petitioner's release.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 9th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 2 -